UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTEGRATED SUPPLY NETWORK, LLC

    Plaintiff,

v.                                           Case No. 8:23-cv-1305-WFJ-NHA

KTOOLSALE.COM, LLC,

    Defendant.
_____/

## ORDER

I grant Plaintiff Integrated Supply Network, LLC's motion for entry of Clerk's default against Defendant Ktoolsale.com, LLC (Doc. 32).

### Factual Background

Plaintiff alleges Defendant committed cyberpiracy in violation of the Anticybersquatting Consumer Protection Act of 1999, § 15 U.S.C. §1125(d), when it "registered, trafficked in, and used a domain name that is confusingly similar" to Plaintiff's name and logo. Am. Compl. (Doc. 26), ¶ 30.

Plaintiff filed this lawsuit on June 9, 2023. Compl. (Doc. 1). Thereafter, Plaintiff took efforts to serve Defendant, which operates on the internet. Plaintiff conducted searches for the entity in New York, where Defendant appears to operate, based on its website, and in Florida, where it makes sales. Doc. 12 at 4. Defendant was registered with neither state. *Id.* Plaintiff then

hired a process server to serve Defendant at the New York address listed on Plaintiff's website. *Id.* at 3. But Defendant was not located there, and the fire safety director in the building was not familiar with Defendant. *Id.* at 11. Then, Plaintiff began conducting research through various records databases to locate possible names and addresses associated with Defendant and a person named "Claus Krempl" who was listed on an invoice from Defendant. *Id.* at 3. Plaintiff also ordered products from Defendant's website to ascertain the shipping address used, and contacted Defendant through its website. *Id.*

When all of this was unsuccessful, Plaintiff additionally issued a subpoena to Paypal Holdings, Inc. and PayPal, Inc., seeking additional information about Defendant. *Id.* at 3. Records produced in response to the subpoenas showed the PayPal accounts associated with Defendant belonged to Claus Krempl, who resides in Switzerland. Doc. 22 at 3. Plaintiff contacted Mr. Krempl at the e-mail address and phone number listed in the subpoenaed records, but received no answer or response. *Id.* Plaintiff also hired an international process server to attempt to find and serve Mr. Krempl in Switzerland, but the process server was unsuccessful. Doc. 31-8.

Unable to locate Defendant, Plaintiff amended its complaint to include specific jurisdictional allegations, as well as details concerning Plaintiff's efforts to serve Defendant. Am. Compl. (Doc. 26), ¶¶ 3–8. Plaintiff alleges that it then served Defendant by sending the Amended Complaint to the Florida

2

Secretary of State via certified mail. Doc. 32 at ¶ 7. Defendant failed to answer or otherwise respond to the suit. *Id.* at ¶ 12.

In January 2024, pursuant to direction from the Court (Doc. 30), Plaintiff filed motions for Clerk's default against Defendant. Doc. 32.

## Legal Background

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment*." In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations, partnerships, and unincorporated associations and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or

3

any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

An LLC may also be served by following the law of the state in which the district court is located or in which service is effected. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Section 48.062 of the Florida Statutes generally governs service of process on LLCs in Florida. That statute sets forth a hierarchy of persons who may accept service on an LLC's behalf, starting with the LLC's registered agent. *See* Fla. Stat. § 48.062.

However, where the LLC is a "foreign business entity" (meaning one existing in another state or country) that is not registered to do business within Florida but nonetheless conducts business in the state,[1] a different Section—Section 48.181—applies. That section provides,

> The acceptance by . . . any foreign business entity of the privilege extended by law to nonresidents to operate, conduct, engage in, or carry on a business or business venture in this state . . . is deemed to constitute an appointment by the . . . foreign business entity of the Secretary of State of this state as its agent on whom process in any action or proceeding against the . . . foreign business entity . . . arising out of any transaction or operation connected with or

---

[1] The Florida statutes broadly define conducting business in the state, explaining that "[a]ny individual or foreign business entity that sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers, or distributors to any individual, corporation, or other business entity in this state is conclusively presumed to be both engaged in substantial and not isolated activities within this state and operating, conducting, engaging in, or carrying on a business or business venture in this state."

4

>  incidental to the business or business venture may be served as substituted service in accordance with this chapter.

Fla. Stat. § 48.181(2). Thus, a foreign LLC who has not registered to do business in the state (and, therefore, is said to have "concealed its whereabouts") "is deemed to have appointed the Secretary of State as its agent on whom all process may be served[.]" Fla. Stat. § 48.181(4). Section 48.181 provides, "Service pursuant to this section must be effectuated in the manner prescribed by [Section] 48.161." Fla. Stat. § 48.181(6).

In turn, Section 48.161 explains that service on the Secretary of State is made "by sending a copy of the process to the office of the Secretary of State by personal delivery; by registered mail; by certified mail, return receipt requested; by use of a commercial firm regularly engaged in the business of document or package delivery; or by electronic transmission." Fla Stat. § 48.161(1).

For service on the Secretary of State to be effective on a party who has concealed its whereabouts, (a) the court must have jurisdiction over the party, and (b) the party effectuating service must have first exercised "due diligence to locate and effectuate personal service." Fla Stat. § 48.161(3). The party effectuating service is considered to have used due diligence if that party:

>  (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;

5

    (b) In seeking to effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and

    (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. § 48.161(4).

After effecting substitute service on a party who has concealed its whereabouts, the serving party must send to the defendant's last known physical address, by registered mail, certified mail with return receipt requested, or by use of a package delivery company, the notice of service and a copy of the process. Fla. Stat. § 48.161(2). The party effecting service must also send the documents to the defendant via e-mail if the parties have communicated via e-mail. *Id.*

Finally, the plaintiff must file, within 40 days of effecting service, an affidavit of compliance that "set[s] forth the facts that justify substituted service under this section and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service under this section." *Id.*

## Analysis

This Court has personal jurisdiction over Defendant because Defendant "market[s], sell[s], and ship[s] its products to Florida residents and receiv[es]

6

significant revenue from Florida residents." Am. Compl. (Doc. 26), ¶ 4; *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1356–57 (11th Cir. 2013) (finding a Florida district court properly exercised personal jurisdiction over a nonresident defendant who sold products to Florida customers, accepted any payments from Florida customers, and shipped products to Florida).

Defendant Ktoolsale.com, LLC is a "foreign business entity," that is, it was not registered to do business in Florida but nonetheless conducted business in Florida, including by "marketing and operating an e-commerce platform that sells and delivers products to Florida residents, resulting in substantial revenue to [Defendant] generated from Florida residents." Am. Compl. (Doc. 26), ¶ 4. Thus, Section 48.181 governs service, and provides that Plaintiff may serve Defendant through the Secretary of State pursuant to Section 48.161.

Plaintiff served the Defendant via the Secretary of State, by sending to the Secretary of State, via certified mail, with return receipt requested, the summons (Doc. 28), the initial Complaint (Doc. 1), and the Amended Complaint (Doc. 26). Docs. 29-1, 29-2. The Secretary of State accepted the service on March 11, 2024. Doc. 29-3. Plaintiff then sent the notice of service of process to Defendant at its last-known address via certified mail, return receipt requested, and also via the e-mail address provided through the PayPal subpoenas for Mr. Klaus. Doc. 31 at ¶ 8; Doc. 31-9.

7

Forty-two days later, on April 22, 2024,[2] Plaintiff filed an affidavit of compliance that described Plaintiff's efforts to locate and serve Defendant before resorting to substituted service. Doc. 31. Those efforts included attempting service on the address listed by Defendant on its website, conducting public records and internet searches to locate Defendant, attempting contact with Defendant through its website, ordering products from Defendant to get a shipping address, serving subpoenas on PayPal Holdings, Inc. and PayPal, Inc. for information about Defendant, and retaining an international service process provider to try to find and effect service on the individual identified through the PayPal subpoenas. *Id.* at ¶ 9.

I find that Plaintiff made a "diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service," reasonably employed its own knowledge to attempt service, and made an appropriate number of attempts to serve Defendant. *See* Fla. Stat. § 48.161(4). Because Plaintiff exercised due diligence, and because the Court has personal jurisdiction over Defendant, Plaintiff was permitted to serve Defendant via the Secretary of

---

[2] The Florida statutes provide that that the affidavit of service "must be filed within 40 days after the date of service on the Secretary of State or within such additional time as the court allows." Fla. Stat. § 48.161(2). Here, given that the 40th day fell on a Saturday, the filing on the Monday thereafter was timely. *See* Fed. R. Civ. P. 6(a)(1)(C).

8

State, pursuant to Section 48.161. Fla. Stat. § 48.161(3). Plaintiff effectively did so by sending the Secretary of State the summons and complaint, sending proof of service to Defendant at its last known mailing address and e-mail address, and by timely filing with the Court an affidavit of compliance that sets forth the efforts that Plaintiff undertook to locate and effectuate personal service on Defendant before resorting to substituted service. *See* § 48.161. Accordingly, I find Plaintiff properly effected service on Defendant by serving the Florida Secretary of State on March 11, 2024.

Defendant had until April 1, 2024, 21 days after being served with the summons and complaint, to answer or otherwise respond. FED. R. CIV. P. 12(a)(1)(A). Defendant has not answered Plaintiff's complaint or otherwise demonstrated an intent to defend itself in this action, and the time to do so has expired. And, Plaintiff moved for entry of Clerk's Default after being directed to do so by the Court. *See* Doc. 30.

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 32) is GRANTED.

2. The Clerk is DIRECTED to enter default against Defendant KToolSale.com, LLC.

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper

9

identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on May 21, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge